■ PATRICIA CALLANAN, Appellant, v CRABHOUSE OF DOUGLASTON, INC., Doing Business as DOUGLASTON MANOR, et al., Respondents. [712 NYS2d 127] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated August 16, 1999, which granted the separate motions of the defendants Crabhouse of Douglaston, Inc., and the City of New York for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the motion of the defendant Crabhouse of Douglaston, Inc., and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff payable by the defendant Crabhouse of Douglaston, Inc.

The plaintiff was dancing at a restaurant and catering facility which the defendant Crabhouse of Douglaston, Inc., d/b/a Douglaston Manor (hereinafter Douglaston Manor), operated pursuant to a licensing agreement with the defendant City of New York, when the sole of her shoe became caught in the grouted surface between tiles, causing her to fall and sustain injuries. The plaintiff subsequently commenced this action against the City and Douglaston Manor. The defendants separately moved for summary judgment.

After the defendants made out a prima facie case for summary judgment, the affidavit of the plaintiff's expert, consulting engineer Joseph Farahnik, raised a triable issue of fact (*see*, CPLR 3212 [b]) as to whether a tiled floor with "rough cement grout" between the tiles was unsuitable for a dance floor and thus created a hazard for individuals such as the plaintiff. It is undisputed that Douglaston Manor installed the tile floor during the time that it operated the facility pursuant to the license with the City of New York.

The Supreme Court properly granted summary judgment to the City as there exist no triable issues of fact (*see*, CPLR 3212 [b]) as to whether the accident resulted from negligence on the part of the out-of-possession municipal defendant. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.